**BOWLES, Adm'r, Office of Price Administration, v. CUDAHY PACKING CO.**

(two cases).

Civil Actions Nos. 3060, 3061.

District Court, W. D. Pennsylvania.

Jan. 27, 1945.

Jno. A. Metz, Jr., Dist. Enf. Atty., and Samuel E. Chertoff, both of Pittsburgh, Pa., for plaintiff.

Tracy W. Buckingham, of Chicago, Ill., and John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

These two cases were tried together by agreement of counsel.

The defendant, in No. 3060 Civil Action, is a Maine corporation licensed to do business in Pennsylvania. The defendant, in No. 3061 Civil Action, is a Pennsylvania corporation.

In both actions the defendant is charged with failing and refusing to comply with the Emergency Price Control Act of 1942, Pub. Law 421, 77th Cong., 2nd Sess., 56 Stat. 23 as amended, 50 U.S.C.A.Appendix, § 901 et seq.; and Maximum Price Regulation No. 289, Dairy Products, issued December 24, 1942. This Regulation provides (Section 1351.1503):

"Prohibition against dealing in listed dairy products above maximum prices. (a) On and after December 30, 1942, or the effective date of any amendment fixing maximum prices for additional listed dairy products or affecting the maximum price of any listed dairy product, regardless of any contract, agreement or other obligation, no person shall sell or deliver a listed dairy product, and no person, in the course of trade or business, shall buy or receive a listed dairy product at a price higher than the maximum price permitted by this Maximum Price Regulation No. 289, and no person shall agree, offer, solicit or attempt to do any of the foregoing."

And Section 1351.1506 thereof provided:

"Evasion. The price limitations set forth in this regulation shall not be evaded, whether by direct or indirect methods, in connection with an offer, solicitation, agreement, sale, delivery, purchase or receipt of, or relating to any of the listed dairy products, alone or in conjunction with any other commodity or by way of any commission, service, transportation or other charge or discount, premium or other privilege, or by tying-agreement or other trade understanding, or otherwise."

The plaintiff in each case is seeking an injunction under Section 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, § 925(a), which provides:

" * * * Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a

permanent or temporary injunction, restraining order, or other order shall be granted without bond. * * *"

We have found that the defendant in each of these two cases had violated these price regulations by means of tying-agreements, whereby the defendant in each case "ties in" the sale of butter with eggs in violation of these regulations, and will likely continue so to do unless restrained.

In arriving at this conclusion, we have given consideration to what the Supreme Court has said in Hecht Company v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 592, as follows:

"* * * The Administrator does not carry the sole burden of the war against inflation. The courts also have been entrusted with a share of that responsibility. And their discretion under § 205(a) must be exercised in light of the large objectives of the Act. For the standards of the public interest not the requirements of private litigation measure the propriety and need for injunctive relief in these cases. That discretion should reflect an acute awareness of the Congressional admonition that 'of all the consequences of war, except human slaughter, inflation is the most destructive' (S.Rep. No. 931, supra, p. 2) and that delay or indifference may be fatal. * * *"

We therefore hold that the facts in this case justify the injunctive relief prayed for. Let an order be submitted accordingly on notice to opposing counsel.